# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROBERT D. LAMBERT,**
**Claimant Below, Petitioner**

**FILED**
**January 29, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 12-0008**  (BOR Appeal No. 2046070)
(Claim No. 2009062993)

**DUTCH MILLER CHEVROLET, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert D. Lambert, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dutch Miller Chevrolet, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2011, in which the Board affirmed a May 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 27, 2010, decision denying the request for Lyrica, and its October 27, 2010, decision denying three lumbar epidural steroid injections and the following medications: Lisinopril, Elavil, Clondine, Opana, Lortab, and Cymbalta. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lambert was a salesman for Dutch Miller Chevrolet, Inc. when he twisted his right ankle while walking in between some tightly parked cars and stepping into a drop off in the parking lot. The claim was held compensable for right ankle sprain. On March 5, 2010, Dr. Mukkamala recommended that the lumbar sympathetic blocks be denied; the medications of Lyrica, Cymbalta, and Amitriptyline be allowed for two months with instructions to the treating physician to taper the medications; and the other requested medications be simplified rather than using multiple medications. On August 3, 2010, Dr. Ozturk diagnosed Mr. Lambert with Complex Regional Pain Syndrome and requested lumbar sympathetic blocks for the Complex

1

Regional Pain Syndrome of the right ankle and foot. On August 30, 2010, Dr. Dauphin recommended the request for the medications, the additional diagnosis of Complex Regional Pain Syndrome, and the epidural injections be denied. On January 12, 2011, Dr. Ozturk requested the following medications to assist with managing chronic pain: Lisinopril, Elavil, Clondine, Opana, Lortab, Cymbalta, and lumbar epidural steroid injections, and in a separate medical statement requested Lyrica.

The Office of Judges affirmed the claims administrator's decision dated October 27, 2010, denying the request for Lyrica, and its decision dated October 27, 2010, denying three lumbar epidural steroid injections and the following medications: Lisinopril, Elavil, Clondine, Opana, Lortab, and Cymbalta. On appeal, Mr. Lambert disagrees and asserts that Dr. Ozturk has determined that the medications and injections are reasonably required to treat his compensable injury and that his symptoms were aggravated, affecting his ability to sleep, drive, and other aspects of his life after his medicine was withheld for a significant time. Dutch Miller Chevrolet, Inc. maintains that the requested medications are not medically reasonable or necessary for the compensable injury and are requested for Complex Regional Pain Syndrome, which every physician except for Dr. Ozturk has determined is not a proper diagnosis for Mr. Lambert.

The Office of Judges determined that the January 12, 2011, request for Lyrica was based on the August 19, 2010, examination which was around five months before the request, and a separate request dated January 12, 2011, for the remaining medications and the lumbar epidural injections was based on an examination which was almost a year prior to the request. These two requests were stated by Dr. Ozturk as necessary to deal with Mr. Lambert's chronic pain. Dr. Ozturk is the only doctor who diagnosed Mr. Lambert with Complex Regional Pain Syndrome, and he concluded that the requested treatment was for the compensable injury. Dr. Dauphin concluded that Mr. Lambert did not have Complex Regional Pain Syndrome, but rather sciatica, and that his requested medical treatment should be denied for not being related to the compensable injury. Dr. Mukkamala determined the requested treatment was not related to the compensable injury but most likely related to his prior lumbar laminectomy and residual neuropathic pain. Therefore, the Office of Judges concluded that these requests were not for the compensable injury but for Complex Regional Pain Syndrome. Ultimately, there is no reliable evidence to support that these requests are related to Mr. Lambert's compensable injury. The Board of Review reached the same reasoned conclusions in its decision of December 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II